AO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

___Eastern___ DISTRICT OF ___California___

UNITED STATES OF AMERICA
V.
Andrew R. Pruitt

**CRIMINAL COMPLAINT**

Case Number: 3:14-mj-0039 CMK

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about __5/25/2014__ (Date) in __Shasta__ County, in the __Eastern__ District of __Calfiornia__ defendant(s) did,

*(Track Statutory Language of Offense)*

knowingly and intentionally possess a controlled substance, marijuana, on National Forest Service land

in violation of Title __21__ United States Code, Section(s) __844(a)__.

I further state that I am a(n) __U.S. Forest Service LEO__ and that this complaint is based on the following facts:
Official Title

PLEASE SEE ATTACHED AFFIDAVIT,

Continued on the attached sheet and made a part of this complaint: ☑ Yes  ☐ No

_____
Signature of Complainant

Daniel Tacbas
Printed Name of Complainant

Sworn to before me and signed in my presence,

__10/6/14__   at   __Redding__   __California__
Date                        City              State

Craig M. Kellison       Magistrate Judge       _____
Name of Judge          Title of Judge         Signature of Judge

## AFFIDAVIT OF TORRY SMITH IN SUPPORT OF A CRIMINAL COMPLAINT

I, Daniel Tacbas, Law Enforcement Officer with the United States Forest Service, being duly sworn, depose and state:

As set forth more fully below, on May 25, 2014, law enforcement officers found Andrew R. PRUITT (DOB 12/08/82) in possession of approximately 1 gram of concentrated cannabis and approximately 399 grams of marijuana on the Shasta-Trinity National Forest.

I am submitting this affidavit in support of a request that a criminal complaint be issued for Mr. PRUITT for violating Title 21, United States Code, §844(a).

## OFFICER TRAINING AND EXPERIENCE

1. I am a Law Enforcement Officer with the U.S. Forest Service and have been employed in this position since 2011. I was trained as a Forest Service Law Enforcement Officer at the Federal Law Enforcement Training Center, Glynco, Georgia. I have worked as a Law Enforcement Officer since 2002. During my training, I received specialized instruction in the Controlled Substance Act, Title 21 United States Code, including but not limited to Sections 841, 844, and 846, Controlled Substance Violations and Conspiracy to Commit Controlled Substance Violations, respectively. I have received specialized training regarding criminals engaged in conspiracies to manufacture and/or possess with the intent to distribute marijuana, cocaine, methamphetamine, heroine and other dangerous drugs prohibited by law. I have received further training in search and seizure law and many other facets of drug law enforcement including California State Health and Safety Code violations. My training included specialized instruction related to vehicle code and traffic stops. Since November 2013, I have been assigned as a Narcotics Detection Canine Handler. I completed a 240-hour Police Service Dog training in December 2013, which covered basic handler development, patrol and handler protection. I also completed a 200-hour basic Police Canine Narcotics Detection Course that meets California P.O.S.T standards in February 2014. Both courses were at Adlerhorst International in Riverside, California.

2. During the course of my employment as a Law Enforcement Officer, I have participated in numerous criminal investigations and have gained knowledge and experience by working with other special agents and police officers. I have participated in Federal and State search warrants involving controlled substances, the seizure of narcotic related records and other types of evidence that document the activities of criminals in the manufacturing, distribution, and possession of controlled substances. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance

1

and various types of infiltration, including informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced law enforcement personnel, I have become familiar with the methods used by people to manufacture marijuana, smuggle and safeguard marijuana and other dangerous drugs, to distribute marijuana and other narcotics, and to collect and launder related proceeds.

3. The information contained in this affidavit is based upon my personal observations, observations of other law enforcement officers, my review of official police and government reports, and consultation with other agents and officers involved in the investigation. Because this affidavit is being submitted for the limited purpose of obtaining a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

4. This Affidavit is made in support of the issuance of a Criminal Complaint charging Andrew R. PRUITT, on or about May 25, 2014, in Shasta County, California, in the Eastern District of California with the possession of marijuana, in violation of Title 21 U.S.C. § 844(a).

## BACKGROUND OF INVESTIGATION STATEMENT OF PROBALBE CAUSE

5. On May 25, 2014 Officer Torry Smith was patrolling the Shasta Trinity National Forest in the Jones Valley area in a fully marked law enforcement vehicle and law enforcement uniform. Officer Smith was driving east on Jones Valley Rd and observed a white bus. Officer Smith saw a black plume of smoke come from the rear of the bus and the bus stopped in the middle of the lane blocking traffic. Officer Smith turned on emergency lights and contacted the driver to do a welfare check.

6. Officer Smith observed a white male, identified as Andrew PRUITT, exit the driver seat. Officer Smith identified himself as an LEO and asked what was going on. Mr. PRUITT said the bus was having mechanical issues and broke down. Officer Smith asked for ID and Mr. PRUITT said, "I'll be straight with you, my license is not valid". Due to the amount of traffic in the area Officer Smith asked if the bus could be moved, but Mr. PRUITT was not able to move the bus. While speaking with Mr. PRUITT Officer Smith detected the odor of marijuana emitting from the bus.

7. Officer Smith asked if there were any weapons or narcotics in the vehicle and Mr. PRUITT said that he had a little marijuana. Officer Smith asked if Mr. PRUITT had a medical marijuana card and he provided one from California, but did not have a valid California ID card. LEO's Sidebottom and White arrived to provide assistance. Mr. PRUITT provided consent to check the bus.

8. Mr. PRUITT'S wife, identified as Kursten FOREMAN, and their 1 year old daughter were on the bus. Officer Smith asked about marijuana on the bus and Ms. FOREMAN said that she does not smoke marijuana because she is pregnant. Ms. FOREMAN retrieved a container with marijuana from a backpack in the rear of the

2

bus under the bed. Ms. FOREMAN stated that the marijuana belongs to Mr. PRUITT.

9. Officers White & Smith conducted a search of the bus revealing marijuana and paraphernalia including: pipes, bongs, scales, bags, a food saver, and several empty jars with marijuana residue. Officer Smith also located an open container of alcohol and a canister of pepper spray in the front section of the bus. Based on his training and experience Officer Smith recognized the recovered items as consistent with the packaging and sales of marijuana. When Officer Smith asked Mr. PRUITT about the items located on the bus he denied selling marijuana and said that the scales and bags are for when he goes to collectives to acquire marijuana.

10. Officer Smith seized the marijuana and additional evidence and took photographs. Dispatch confirmed that Mr. PRUITT'S license is suspended. The bus was turned over to Ms. FOREMAN and she called a tow truck to have it moved.

## CONCLUSION

11. Mr. PRUITT was issued a citation for the possession of marijuana on National Forest System Lands. The marijuana was weighed, totaling approximately 399g and the concentrated cannabis weighed approximately 1g. Mr. PRUITT was issued NTA #32653 for driving with a suspended license. Officer Smith warned Mr. PRUITT for possessing the open container of alcohol and for being a convicted felon in possession of pepper spray.

12. As a result of the events described above, and my training and experience, there is probable cause to believe that Andrew R. PRUITT, on or about May 25, 2014, in Shasta County, California, did knowingly possess approximately 399 grams of marijuana and 1 gram of concentrated cannabis in violation of Title 21 U.S.C. § 844(a). Therefore, I respectfully request that a federal criminal complaint be issued for Andrew R. PRUITT based upon this Affidavit.

Daniel Tacbas, Law Enforcement Officer
United States Forest Service

Sworn to and subscribed before
me this 6th day of October 2014.

CRAIG M. KELLISON
United States Magistrate Judge

3